Sec. 397 of the code of 1849, provided that "a party may be examined on behalf of his co-plaintiff or a co-defendant; but the examination thus taken shall not be used on behalf of the party examined." Although the permission to examine a co-plaintiff or co-defendant is given in general terms, so that standing alone, it would cover every case of co-plaintiffs or co-defendants, we held this generality restrained *Page 138 
by the subsequent words, upon the general principle that a statute is not to be construed to authorize the doing of any thing which by the provisions of the same statute would be ineffectual for all purposes when done. In Munson v. Hegeman,
(March, 1853,) we accordingly held that where the examination of a party by his co-plaintiff or co-defendant, could not be used in the suit at all, without operating on behalf of the party examined, he could not be examined. We further held, that the cases in which the testimony could not be used for the co-plaintiff or co-defendant, without operating in favor of the party examined, were those in which the party examined and his co-plaintiff or co-defendant were jointly interested or liable, and separate judgments could not be rendered. Applying these rules to the case then before us, we determined that one of the defendants could be examined by the other, and reversed the judgment below on the ground that the judge at the trial had refused to allow the defendant, who was offered to be examined on behalf of his co-defendant, to be sworn. That was an action against two for the unlawful conversion of two canal boats, it being alleged that one defendant sold them at auction, and the other bought them. The complaint charged that the defendants acted in concert together, with the purpose of appropriating the boats to their own use, or to the use of one of them, and that they had so converted them. Our decision, therefore, necessarily involved the proposition that defendants sued jointly for a wrongful conversion of personal property, did not, necessarily, come within the rule of exclusion before stated. That of defendants so sued it could properly be said, that they were not jointly interested or liable, and that a separate and not joint judgment could be rendered.
We are now prepared to examine the provision on this subject in the code of 1851, on which the determination of this case depends. Section 397 says, "A party may be examined on behalf of his co-plaintiff or a co-defendant, as to any matter in which he is not jointly interested, or liable with such co-plaintiff or co-defendant, and as to which a separate and not joint verdict *Page 139 
or judgment shall be rendered." But the examination thus taken shall not be used in behalf of the party examined. The competency of a witness or the admissibility of testimony, must be decided when the question arises and as the case then stands. We cannot, therefore, construe the expression "verdict or judgment shall be rendered," as importing that the competency of the witness, or the admissibility of the testimony, is to be determined according to the verdict or judgment afterwards to be rendered. That makes nonsense of the provision. I think it should be construed "can be rendered," in accordance with the amendment of 1852. The defendants were sued jointly for an assault and battery. The court refused to allow either of them to be sworn and examined on behalf of the others, thus in effect determining that no supposable state of the case could render one examinable for the other or others. Now it is apparent that one defendant is not jointly interested with the others, because his interest is that the others should be found guilty, for thereby if he also is found guilty it may be that the judgment will be levied out of the property of the others, in which case as there is no contribution between wrong-doers, he would in effect escape altogether; nor are they jointly liable, because although a recovery in form joint may be had against all who are convicted, and although the plaintiff has alleged a joint trespass, he may recover against any one or more, and the others be acquitted. The liability is, therefore, not necessarily a joint liability of all who are sued. A matter cannot be said to be one in which both are jointly interested or liable, unless from the nature of the case, the same event necessarily attends on the rights of both. If one may be acquitted and the other convicted, in respect to their original liability, I cannot see the jointness. This is obviously true in respect to persons charged as joint trespassers, and always was the law. That in such a case a separate and not joint verdict or judgment may be rendered, always was and still is the law; one may be acquitted and the other convicted, and if thatdoes not constitute a capacity to have separate verdicts andjudgments, I cannot conceive what would. *Page 140 
It was argued that the statute should be read "as to which a separate verdict or judgment can be and a a joint verdict or judgment cannot be rendered." If the statute were so worded I am ready to concede that the consequences drawn from that construction would follow. But the difficulty is that the statute is not so worded, and so to construe it gives no other force to the language than would have been conveyed if the words had stood, "as to which a joint verdict or judgment cannot be rendered." So read it would render the whole section nugatory, for in every action where there are more defendants than one there may be a joint judgment. It is proposed to borrow the exposition of this statute from the rules which governed the examination of co-parties in suits in equity, and to hold it to be substantially an adoption of those rules, with the addition of those few cases in which, by statute prior to the code, one party could be examined at law in behalf of or against a co-party. I do not think that the old rules upon this subject form any guide for the construction of the code. Almost every section of it is pregnant with an intention to alter the law, and nowhere is that intention more conspicuous than where it deals with the subject of the competency and examination of witnesses. There is now but one method of procedure, embracing all cases, both at law and in equity, and one set of provisions, which are to govern all cases. Wherever the lawmakers have recognized in distinctions previously existing, a foundation belonging to the nature of the subject, and not to the artificial system in which it was included, and have thought those distinctions proper to be still preserved, they have so provided. How far that course was proper to be pursued, was a matter as to which their determination was final as their power to act was plenary. If the language in which they have conveyed their will does not by its own force continue those rules, and preserve those distinctions, I am unwilling to strain its obvious import for the sake of conformity to them.
The judgment should be reversed and a new trial ordered, costs to abide the event. *Page 141